SK
F.#2014R01656

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

IN RE APPLICATION OF
THE UNITED STATES OF AMERICA
FOR AN ORDER AUTHORIZING THE USE OF
A PEN REGISTER AND A TRAP AND TRACE
DEVICE

---

TO BE FILED UNDER SEAL

APPLICATION FOR A
FACEBOOK PEN REGISTER
AND TRAP AND TRACE
DEVICE

No. 
16 MISC 1322

## APPLICATION

The United States of America, moving by and through Saritha Komatireddy, its undersigned counsel, respectfully submits under seal this *ex parte* application for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from Facebook account number 100002822757764 (the "TARGET FACEBOOK ACCOUNT"). In support of this application, the United States asserts:

1. This is an application, made under 18 U.S.C. § 3122(a)(1), for an order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and a trap and trace device.

2. Such an application must include three elements: (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the application"; (2) "the identity of the law enforcement agency conducting the investigation"; and

(3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

3. The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure.

4. The law enforcement agency conducting the investigation is the Federal Bureau of Investigation ("FBI").

5. The applicant hereby certifies that the information likely to be obtained by the requested pen-trap devices is relevant to an ongoing criminal investigation being conducted by the FBI.

6. This Court is a "court of competent jurisdiction" under 18 U.S.C. § 3122(a)(2) because it "has jurisdiction over the offense being investigated," 18 U.S.C. § 3127(2)(A)(i).

## ADDITIONAL INFORMATION

7. Other than the three elements described above, federal law does not require that an application for an order authorizing the installation and use of a pen register and a trap and trace device specify any facts. The following additional information is provided to demonstrate that the order requested falls within this Court's authority to authorize the installation and use of a pen register or trap and trace device under 18 U.S.C. § 3123(a)(1).

8. A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted." 18 U.S.C. § 3127(3). A "trap and trace device" is "a device or process which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication." 18 U.S.C. § 3127(4).

9. In the traditional telephone context, pen registers captured the destination phone numbers of outgoing calls, while trap and trace devices captured the phone numbers of incoming calls. Similar principles apply to other kinds of wire and electronic communications, as described below.

10. The Internet is a global network of computers and other devices. Devices directly connected to the Internet are identified by a unique number called an Internet Protocol, or "IP" address. This number is used to route information between devices. Generally, when one device requests information from a second device, the requesting device specifies its own IP address so that the responding device knows where to send its response. An IP address is analogous to a telephone number and can be recorded by pen-trap devices, and it indicates the online identity of the communicating device without revealing the communication's content.

11. A network is two or more computers or other devices connected to each other that can exchange information with each other via some transmission method, such as by wires, cables, or radio waves. The equipment that connects a computer or other device to the network is commonly referred to as a network adapter. Most network adapters have a Media Access Control ("MAC") address assigned by the manufacturer of the adapter that is designed to be a unique identifying number. An adapter's unique MAC address allows for proper routing of communications on a local area network and may be used for other purposes, such as authentication of customers by some network service providers. Unlike a device's IP address that often changes each time a device connects to the Internet, a MAC address is fixed at the time of manufacture of the adapter. Because the address does not change and is intended to be unique, a MAC address can allow law enforcement to identify whether communications sent or received at different times are associated with the same adapter.

12. On the Internet, data transferred between devices is not sent as a continuous stream, but rather it is split into discrete packets. Generally, a single communication is sent as a series of packets. When the packets reach their destination, the receiving device reassembles them into the complete communication. Each packet has two parts: a header with routing and control information, and a payload, which generally contains user data. The header contains non-content information such as the packet's source and destination IP addresses and the packet's size.

13. In addition, different Internet applications are associated with different "port numbers," or numeric identifiers. The port number is transmitted along with any communication using that application. For example, port 80 typically is associated with communications involving the World Wide Web.

14. Facebook owns and operates a free-access social networking website of the same name that can be accessed at http://www.facebook.com. Facebook allows its users to establish accounts with Facebook, and users can then use their accounts to share written news, photographs, videos, and other information with other Facebook users, and sometimes with the general public. Facebook users can exchange private messages on Facebook with other users. These messages, which are similar to e-mail messages, are sent to the recipient's "Inbox" on Facebook, which also stores copies of messages sent by the recipient, as well as other information. Facebook users can also post comments on the Facebook profiles of other users or on their own profiles; such comments are typically associated with a specific posting or item on the profile. In addition, Facebook has a Chat feature that allows users to send and receive instant messages through Facebook. As with other information via the Internet, information is transferred on Facebook via packets.

4

15. A pen register and trap and trace device collects addressing information contained in packet headers. Packet headers are portions of Internet communications that contain addressing information analogous to "To:" and "From:" addresses for traditional letters and to origin and destination telephone numbers for telephone calls. Importantly, packet headers and do not contain the contents of electronic communications. Accordingly, this application does not seek authority to intercept the contents of any electronic communications.

## THE RELEVANT FACTS

16. The United States government, including the FBI, is investigating possible violations of, among others, Title 18, United States Code, Sections 2339A (providing, attempting to provide and conspiring to provide material support to terrorists), 2339B (providing, attempting to provide and conspiring to provide material support to a designated foreign terrorist organization), 2332a (using, attempting to use, and conspiring to use a weapon of mass destruction), 922(a)(4) (transporting prohibited weapons without a license), and 922(k) (possession of firearm with an obliterated serial number).

17. The investigation relates to efforts by Rafal Zietek, whom investigators believe to be the user of the TARGET FACEBOOK ACCOUNT, to acquire weapons for possession and possible use in New York and to travel to the Middle East to engage in violent jihad.

18. To further the investigation, investigators need to obtain the dialing, routing, addressing, and signaling information associated with communications sent to or from the account.

19. The pen-trap devices sought by this application will record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each

5

communication to or from the TARGET FACEBOOK ACCOUNT, including the date, time, and duration of the communication, and the following, without geographic limit:

- IP addresses, including IP addresses associated with access to the account
- Headers of messages, including the source and destination network addresses, as well as the routes of transmission and size of the messages, but not content located in headers, such as subject lines
- the number and size of any attachments

## GOVERNMENT REQUESTS

20. For the reasons stated above, the United States requests that the Court enter an Order authorizing the installation and use of pen-trap devices to record, decode, and/or capture the dialing, routing, addressing, and signaling information described above for each communication to or from the TARGET FACEBOOK ACCOUNT, to include the date, time, and duration of the communication, without geographic limit. The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8).

21. The United States further requests that the Court authorize the foregoing installation and use for a period of sixty days from the date of the Court's Order, pursuant to 18 U.S.C. § 3123(c)(1).

22. The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order Facebook, Inc. and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service. Any entity

providing such assistance shall be reasonably compensated by the FBI, pursuant to 18 U.S.C. § 3124(c), for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

23. The United States further requests that the Court order Facebook, Inc. and any other person or entity whose assistance may facilitate execution of this Order to notify the applicant and the FBI of any changes relating to the TARGET FACEBOOK ACCOUNT, and to provide prior notice to the applicant and the FBI before terminating or changing service to the TARGET FACEBOOK ACCOUNT.

24. The United States further requests that the Court order that the FBI and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

25. The United States further requests, pursuant to 18 U.S.C. § 3123(d)(2), that the Court order Facebook, Inc. and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, the existence of this application and Order, the resulting pen-trap devices, or this investigation, unless and until authorized by this Court, except that Facebook, Inc. may disclose this Order to an attorney for Facebook, Inc. for the purpose of receiving legal advice.

26. The United States further requests that this application and any resulting Order be sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

27. The United States further requests that the Clerk of the Court provide the United States Attorney's Office with three certified copies of this application and Order, and provide copies of this Order to the FBI and Facebook, Inc. upon request.

28. The foregoing is based on information provided to me in my official capacity by agents of the FBI.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Brooklyn, New York
       May 10, 2016

                                      Saritha Komatireddy
                                      Assistant United States Attorney
                                      (718) 254-6054

SK
F.#2014R01656

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF<br>THE UNITED STATES OF AMERICA<br>FOR AN ORDER AUTHORIZING THE USE OF<br>A PEN REGISTER AND A TRAP AND TRACE<br>DEVICE | **TO BE FILED UNDER SEAL**<br><br>No. _____<br><br>16 MISC 1322 |

ORDER

Saritha Komatireddy, on behalf of the United States, has submitted an application pursuant to 18 U.S.C. §§ 3122 and 3123, requesting that the Court issue an Order authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") on Facebook account number 100002822757764 (the "TARGET FACEBOOK ACCOUNT").

The Court finds that an attorney for the government has submitted the application and has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation being conducted by the Federal Bureau of Investigation ("FBI") of Rafal Zietek, in connection with possible violations of Title 18, United States Code, Sections 2339A (providing, attempting to provide and conspiring to provide material support to terrorists), 2339B (providing, attempting to provide and conspiring to provide material support to a designated foreign terrorist organization), 2332a (using, attempting to use, and conspiring to use a weapon of mass destruction), 922(a)(4) (transporting prohibited weapons without a license), and 922(k) (possession of firearm with an obliterated serial number).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that the FBI may install and use pen-trap devices to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the TARGET FACEBOOK ACCOUNT, [EXCLUDING GEOLOCATION INFORMATION AND] including the date, time, and duration of the communication, and the following, without geographic limit: *J.O. 5/12/16*

- IP addresses, including IP addresses associated with access to the account
- Headers of messages, including the source and destination network addresses, as well as the routes of transmission and size of the messages, but not content located in headers, such as subject lines
- the number and size of any attachments

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(c)(1), that the use and installation of the foregoing is authorized for sixty days from the date of this Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that Facebook, Inc. and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service;

IT IS FURTHER ORDERED that the FBI reasonably compensate Facebook, Inc. and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order;

IT IS FURTHER ORDERED that Facebook, Inc. and any other person or entity whose assistance may facilitate execution of this Order notify the applicant and the FBI of any changes

relating to the TARGET FACEBOOK ACCOUNT, including changes to subscriber information, and to provide prior notice to the FBI before terminating or changing service to the TARGET FACEBOOK ACCOUNT;

IT IS FURTHER ORDERED that the FBI and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to the FBI, for the duration of the Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d)(2), that Facebook, Inc. and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of the application and this Order, the pen-trap devices, or the investigation to any person, unless and until otherwise ordered by the Court, except that Facebook, Inc. may disclose this Order to an attorney for Facebook, Inc. for the purpose of receiving legal advice;

IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States Attorney's Office with three certified copies of this application and Order, and shall provide copies of this Order to the FBI and Facebook, Inc. upon request;

IT IS FURTHER ORDERED that the application and this Order are sealed until 8/12/16 *unless* otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

J.O.
8/12/16

_____5/12/16_____  
Date

s/James Orenstein  
United States Magistrate Judge

3